IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES MCCONICO, JR.,            )
AIS 117395,                     )
                                )
         Petitioner,            )
                                )
    v.                          )    CASE NO. 2:25-CV-55-WKW
                                )              [WO]
REOSHA BUTLER, AGENT            )
HANES, MICHELE AUSTIN           )
MIREE, FBI HANDLER, and         )
ALABAMA BUREAU OF               )
PARDONS AND PAROLES,            )
                                )
         Respondents.           )

## ORDER

James McConico, Jr., an inmate incarcerated at Easterling Correctional Facility, initiated this action on a form used by prisoners for filling habeas corpus petitions under 28 U.S.C. § 2254; however, after review, the action was docketed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  On January 22, 2025, an Order was entered directing Mr. McConico to inform the court by February 5, 2025, whether he wanted to (1) proceed under 28 U.S.C. § 2241 or (2) withdraw the instant petition and instead file an appropriate civil action under 42 U.S.C. § 1983. (Doc. # 2.)  Mr. McConico was cautioned that his failure to comply with the January 22, 2025 Order ultimately would result in the dismissal of this action for failure to

prosecute and comply with the court's Order.  (Doc. # 2 at 3.)  The February 5 deadline has passed, and Mr. McConico has failed to respond to the court's Order.

Based on Mr. McConico's failure to comply with the January 22, 2025 Order (Doc. # 2), this action will be dismissed without prejudice.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (providing that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.*  It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.  In this case, the court finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 18th day of February, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE